**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

HANOVER INSURANCE COMPANY,

        Plaintiff, Counter Defendant,

    v.

VERMONT MUTUAL INSURANCE COMPANY,

        Defendants, Counter Claimant.

No. 13-CV-860
(TJM/CFH)

---

**APPEARANCES:**

CHELUS, HERDZIK LAW FIRM
Attorneys for Plaintiff and
    Counterclaim Defendant
438 Main Street, Suite 1000
Buffalo, New York 14202

MIRANDA, SAMBURSKY LAW FIRM
    - MINEOLA OFFICE
Attorneys for Defendants
240 Mineola Boulevard
Mineola, New York 11501

**OF COUNSEL:**

KATELYN E. DIEFFENDERFER,
ESQ.
THOMAS P. KAWALEC, ESQ.

MICHAEL A. MIRANDA, ESQ.

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

## MEMORANDUM-DECISION AND ORDER

Presently pending is the motion of defendant Vermont Mutual Insurance Company ("defendant") seeking to strike plaintiff Hanover Insurance Company's ("plaintiff") complaint and dismiss the action. Dkt. Nos. 20, 22. Plaintiff opposes. Dkt. Nos. 21, 23. For the following reasons, the motion is denied.

## I. Background

On July 19, 2013, plaintiff commenced the present action against defendant over insurance coverage for a lawsuit involving residential lead-based hazards. Compl. (Dkt. No. 1). The Uniform Pretrial Scheduling Order ("scheduling order") filed October 24, 2013 directs that discovery be completed by March 31, 2014. Dkt. No. 13.

Plaintiff had served defendant with its discovery demands on January 28, 2014, which were due on or before February 28, 2014. Dkt. No. 21 at 1. On March 14, 2014, plaintiff requested from defendant the outstanding responses to be served by March 21, 2014. Id. Plaintiff contends that on March 21, 2014, it received an email from defendant containing discovery demands that were served on it for the first time. Id. In disagreement, defendant contends it had served plaintiff its demands for document production and interrogatories on March 19, 2014, to be responded to by April 25, 2014. Dkt. No. 19 at 1. Plaintiff posits that it would have been impossible to respond to these demands by April 25, 2014. Dkt. No. 21 at 1.

By letter dated March 28, 2014, both parties filed a joint request for an extension of the discovery deadline to May 15, 2014. Dkt. No. 16. The parties also requested extensions for expert witness disclosure, the filing of dispositive motion, and trial ready deadlines. Id. On April 9, 2014, the Court extended all deadlines, including the discovery deadline to May 2, 2014. Dkt. No. 17.

On April 21, 2014, plaintiff informed defendant that it would provide responses during the week of April 28, 2014. Dkt. Nos. 19 at 1, 21 at 2. Plaintiff explained that it experienced great difficulty in securing certified copies of the requested documents and delay in locating the underwriting file. Dkt. No. 21 at 2. By letter dated April 28, 2014, plaintiff informed the

2

Court that it would be delayed in providing responses to defendant's discovery requests but did not expressly ask for an extension of the discovery deadline. Dkt. No. 18.

Plaintiff did not provide discovery responses by May 2, 2014. Dkt. No. 19 at 1. On May 6, 2014, defendant attempted to resolve the discovery dispute through email correspondences; however, plaintiff did not respond. Dkt. Nos. 19 at 2, 22 at 2.

By letter dated May 9, 2014, defendant filed a motion to compel the production of documents and sought an order directing plaintiff to waive any objections to the document requests due to plaintiff's delay. Dkt. No. 19. Defendant requested that the Court either order the production of requested documents and responses by a date certain or enter a self-executing order of preclusion of the claims. Id. at 2.

On May 15, 2014, defendant filed the pending motion, informing the Court that plaintiff did not respond to their discovery requests and requesting the Court to strike the complaint and dismiss the action. Dkt. No. 20.

By letter dated May 16, 2014, plaintiff opposed the motion. Dkt. No. 21. Plaintiff advised the Court that it was working to pull documents from storage units and has been conducting discovery in good faith. Id. at 2. Plaintiff asks the Court to grant its request for an extension through June 9, 2014 to respond to defendant's discovery requests. Id. at 3.

On May 20, 2014, defendant responded to plaintiff's May 16 letter and opposed the June 6, 2014 extension. Dkt. No. 22 at 1. Defendant expressed concern over deadlines for expert disclosure and the filing of dispositive motions. Id. at 3. On the same day, plaintiff's counsel informed the Court that they had received a large number of documents from plaintiff. Dkt. No. 23 at 1. Counsel had to review the materials to determine what is discoverable, after which plaintiff would have to review the responses before they are

provided to the defendant.  Id.

A conference was held on-the-record on May 23, 2014 with counsel for all parties.  Dkt. No. 25.  The Court ordered the plaintiff to answer outstanding discovery and interrogatories by June 4, 2014.  Id.  Deadlines for the service of expert reports, completing expert depositions, and the filing of dispositive motions were all extended.  Id.

## II.  Discussion

Defendant seeks to strike plaintiff's complaint as well as the dismissal of the action.  Pursuant to the Federal Rules of Civil Procedure, sanctions may be awarded where parties fail to comply with court orders.  FED. R. CIV. P. 37(b); N.D.N.Y.L.R. 1.1(d) ("Failure of an attorney or of a party to comply with . . . Orders of the court, or the Federal Rules of Civil . . . Procedure shall be a ground for imposition of sanctions.").  Such sanctions include:  (1) an order establishing facts; (2) an order precluding evidence, issues or claims; (3) an order striking a pleading; (4) staying proceedings; (5) dismissing the action; (6) rendering a default judgment against the disobedient party; or (7) treating the failure to obey a court order as contempt of court.  FED. R. CIV. P. 37(b)(2)(A)(i-vii).

A district court has broad discretion to impose sanctions.  Residential Funding Corp. v. DeGeorge Fin. Corp., 306 F.3d 99, 107 (2d Cir. 2002) (citation omitted).  Dismissal and default are drastic remedies which should generally only be used when lesser sanctions would be inappropriate.  Southern New England Tel. Co. v. Global NAPs Inc., 624 F.3d 123, 144 (2d Cir. 2010) (citations omitted).  However, discovery orders are meant to be complied with; thus, dismissal is justified when noncompliance is attributed to willfulness, bad faith, or fault of the offending party.  Id. (citations omitted).  In deciding an appropriate

4

sanction, "the court may consider the full record . . . [specifically:] the willfulness of the non-compliant party; the reasons for the noncompliance; the efficacy of lesser sanctions; the duration of the non-compliance; and whether the party has been warned of the consequences of non-compliance." Broadcast Music, Inc. v. Metro Lounge & Café LLC, No. 10-CV-1149 (NAM/ATB), 2012 WL 4107807, at *2 (N.D.N.Y. July 18, 2012) (citations omitted); see also Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849, 852–54 (2d Cir. 1995). The goals of sanctions are to "ensure that a party will not benefit from its own failure to comply . . . [, act as] specific deterrents and seek to obtain compliance with the particular order issued[, and] . . . serve [as] a general deterrent on the case at hand and on other litigation . . . ." Update Art, Inc. v. Modiin Pub., Ltd., 843 F.2d 67, 71 (2d Cir. 1988) (citations omitted).

In this case, all relevant factors support a denial of defendant's motion. Broadcast Music, Inc., 2012 WL 4107807, at *2. A review of the procedural history underlying the discovery dispute shows that plaintiff has proffered reasons for its delay and was not willful in its noncompliance with the extended discovery deadline. Southern New England Tel. Co., 624 F.3d at 144. Plaintiff informed the Court on March 28, 2014 that it would not be able to provide discovery responses by the original discovery deadline of March 31, 2014, the demands of which were served some time between March 19 and 21, 2014. The parties jointly requested a discovery deadline extension and the Court extended the deadline to May 2, 2014. On April 21, 2014, one month after receiving discovery demands, plaintiff indicated to defendant that it continued to experience difficulty with meeting the May 2, 2014 deadline. Plaintiff apprised the Court of such on April 28, 2014.

While it is undisputed that discovery has been delayed, plaintiff has been diligent in

5

keeping both the Court and defendant apprised of its progress in providing discovery responses rather than ignoring the Court's scheduling order. Plaintiff's counsel also explained that the delay was due to the difficulty in locating certain documents and obtaining certified copies of those documents. Counsel for plaintiff had since received a copious amount of materials from plaintiff that required review by both counsel and plaintiff. Given the above sequence of events, it cannot be said that plaintiff had blatantly disregarded the Court's scheduling order. As such, the Court does not find that plaintiff's conduct in this matter has been willful or done in bad faith.

Therefore, with respect to dismissal, "this Court should not recommend a severe sanction, without first making a further effort to compel compliance." King Harvest Dev., Ltd. v. Li, No. 08-CV-8494 (DAB/DF), 2010 WL 5174326, at *4 (S.D.N.Y. Dec. 10, 2010) (citing inter alia Sieck v. Russo, 869 F.2d 131, 133–34 (2d Cir. 1999)). The Court had ordered plaintiff to answer outstanding discovery and interrogatories by June 4, 2014, a date certain. The completion of discovery has been delayed for less than three months and expert deadlines have been extended for approximately one month. While the progression of the litigation has been delayed, the delay is not sufficiently egregious as to have prejudiced defendant. Thus, the Court and defendant are not placed "in the unenviable position of rushing a brief and decision on a motion." Dkt. No. 22 at 3. Accordingly, defendant's motion is denied.

### III. Conclusion

**WHEREFORE**, it is hereby **ORDERED**, that defendant's motion to strike plaintiff's complaint and dismiss the action (Dkt. No. 20) is **DENIED**.

6

**IT IS SO ORDERED.**

DATE: June 10, 2014
        Albany, New York

_Christian F. Hummel_
Christian F. Hummel
U.S. Magistrate Judge